UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE DOE and JOHN DOE SR., individually and as parents and natural guardians of John Doe, an infant,

1:22-CV-00700 (DNH-ML)

Plaintiffs,

-against-

BOARD OF EDUCATION OF NORTH COLONIE CENTRAL SCHOOL DISTRICT, NORTH COLONIE CENTRAL SCHOOL DISTRICT, SHAKER CAPITALS LACROSSE CLUB, INC. SUPERINTENDENT D. JOSEPH CORR, in his individual and official capacity, GARRETT COUTURE, in his individual and official capacity, SHAWN HENNESSEY, in his individual and official capacity, JOSEPH POLLICINO, in his individual and official capacity, CLAYTON HOWELL, in his individual and official capacity, ABBEY NORTH, in her individual and official capacity, and THOMAS JOHN KARL, in his individual and official capacity,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TO STRIKE PLAINTIFFS' COMPLAINT**

**GIRVIN & FERLAZZO, P.C.**
**Patrick J. Fitzgerald, Esq.**
**20 Corporate Woods Boulevard**
**Albany, New York 12211**
**(518) 462-0300**
*Attorneys for Defendants Board of Education of North Colonie Central School District, North Colonie Central School District, Superintedent D. Joseph Corr, and Abbey North*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT……………………………………………………………..…....1

PROCEDURAL HISTORY AND FACTUAL BACKGROUND……………………………..….1

STANDARD OF REVIEW……………………………..……………………………………….3

ARGUMENT……………………………………………...……………………………………4

I. PLAINTIFFS' COMPLAINT, OR PORTIONS THEREOF, SHOULD BE STRICKEN BECAUSE OF THEIR FAILURE TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE……………………………………….4

II. PLAINTIFFS' FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER THE FIRST AMENDMENT UPON WHICH RELIEF CAN BE GRANTED……………………………………………………………………….5

III. PLAINTIFFS' SECOND CAUSE OF ACTION FAILS TO STATE VIABLE CLAIMS UNDER THE STATUTES REFERENCED THEREIN……………….….….6

IV. PLAINTIFFS' THIRD CAUSE OF ACTION FAILS TO STATE VIABLE CLAIMS FOR NEGLIGENCE INFLICTION OF EMOTIONAL DISTRESS………7

V. PLAINTIFFS' FOURTH CAUSE OF ACTION FAILS TO STATE CLAIMS VIABLE FOR THE BREACH OF A FIDUCIARY DUTY……………………….....10

VI. PLAINTIFFS' FIFTH CAUSE OF ACTION FAILS TO STATE VIABLE CLAIMS FOR THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS………………………………………………………………….....12

VII. PLAINTIFFS' SIXTH CAUSE OF ACTION FAILS TO STATE VIABLE CLAIMS FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.……....14

VIII. PLAINTIFFS' SEVENTH CAUSE OF ACTION FAILS TO STATE VIABLE CLAIMS FOR RETALIATION UNDER THE FIRST AMENDMENT…………....14

IX. PLAINTIFFS' EIGHTH CAUSE OF ACTION FAILS TO STATE A VIABLE EQUAL PROTECTION "CLASS OF ONE" CLAIM………………………….....….15

X. PLAINTIFFS' NINTH CAUSE OF ACTION FAILS TO STATE A VIABLE DUE PROCESS CLAIM……………………………………………………………..…17

XI. PLAINTIFFS' TENTH CAUSE OF ACTION FAILS TO STATE A VIABLE DUE PROCESS LIBERTY INTEREST CLAIM……………………………...…18

XII. PLAINTIFFS' ELEVENTH CAUSE OF ACTION FAILS TO STATE A VIABLE CLAIM UNDER THE HUMAN RIGHTS LAW………………………….…..….20

XIII. PLAINTIFFS' TWELFTH CAUSE OF ACTION FAILS TO STATE A VIABLE CLAIM AGAINST THE SCHOOL DISTRICT DEFENDANTS…………………..….21

CONCLUSION……………………………………………………………………..……22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)……………………………………………………………….…3

*Analytical Diagnostic Labs,*
626 F.3d 135 (2d Cir. 2010)…………………………………………………………...16

*Baldeo v. Majeed,*
150 A.D.3d 942 (2d Dept. 2017)……………………………………...…………10

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)…………………………………………………………………….3

*Benacquista v. Spratt,*
217 F. Supp. 3d 588 (N.D.N.Y. 2016)………………………………………………...13

*Bender v. City of New York,*
78 F.3d 787 (2d Cir. 1996)……………………………………...………………..12

*Boss v. Kelly,*
306 Fed. Appx. 649 (2d Cir. 2009)……………………………………………….....19

*Cortec Industries Inc. v. Sum Holding L.P.,*
949 F.2d 42 (2d Cir. 1991)……………………………………………...……...…18

*Cox v. Warwick Valley Cent. Sch. Dist.,*
654 F.3d 267 (2d Cir. 2011)…………………………………………..……………14

*Davidson v. Chestnut,*
193 F.3d 144 (2d Cir. 1999)…………………………………………………………...14

*DiBlasio v. Novello,*
344 F.3d 292 (2d Cir. 2003)…………………………………………………………...19

*Doe v Archbishop Stepinac High School,*
286 A.D.2d 478 (2d Dept 2001)……………………………………...…………8

*EBC I, Inc. v. Goldman, Sachs & Co.,*
5 N.Y.3d 11 (2005)……………………………………………………...……...…10

*Edwards v. Jericho Union Free School Dist.,*
904 F. Supp. 2d 294 (E.D.N.Y. 2012)……………………………………………….…..10

*Engquist v. Oregon Department of Agriculture,*
553 U.S. 591 (2008)…………………………………………………………….…..16

*Famous Horse Inc. v. 5th Avenue Photo Inc.*,
624 F.3d 106 (2d Cir. 2010)………………………………………………………..…..3

*Goldstein v. Pataki*,
516 F.3d 50 (2d Cir. 2008)……………………………………………………...…4

*Godoy v Cent. Islip Union Free School Dist.*,
117 AD3d 901 (2d Dept 2014)……………………………………………………..11

*Greenwood v. New York*,
344 F.3d 292 (2d Cir. 2003)………………………………………….……………..19

*Harris Diamond Co. v Army Times Pub. Co.*,
280 F. Supp. 273 (S.D.N.Y. 1968)……………………………………………….....11

*Howell v. New York Post Co.*,
81 N.Y.2d 115 (1993)……………………………………………………………..12, 13

*Hu. v. City of New York*,
927 F.3d 81 (2d Cir. 2019)…………………………………………………...…...15

*Impastato v Hellman Enterprises, Inc.*,
147 A.D.2d 788 (3d Dept 1989)…………………………………………………..…8

*Johnson v New York City Bd. of Educ.*,
270 A.D.2d 310 (2d Dept 2000)……………………………………………..………8

*Jones v Archibald*,
45 A.D.2d 532 (4th Dept 1974)……………………………………....………..11

*Kennedy v McKesson Co.*,
58 N.Y.2d 500 (1983)…………………………………………………………….....11

*Lennon v Oakhurst Gardens Corp.*,
229 A.D.2d 897 (3d Dept 1996)……………………………………………….....11

*Lopez v Gomez*,
305 A.D.2d 292 (1st Dept 2003)……………………………………...……………11

*Neilson v. D'Angelis*,
409 F.3d 100, 105 (2d Cir. 2005)……………………………………………….....15

*Niles v Nelson*,
72 F. Supp. 2d 13 (N.D.N.Y. 1999)…………………………………………...…13

*Patterson v. City of Utica*,
370 F.3d 322 (2d Cir. 2004)…………………………………………….…………..18

*Paul v. Davis,*
424 U.S. 693 (1976)……………………………………………………………………...19

*People v D.,*
34 N.Y.2d 483 (1974)……………………………………………………………........11

*Reynolds v. Quiros,*
990 F.3d 286 (2d Cir. 2021)……………………………………………………………...15

*Sacino v Warwick Val. Cent. School Dist.,*
138 A.D.3d 717 (2d Dept 2016)……………………………………………………….….8

*Sergeants Benev. Ass'n Annuity Fund v. Renck,*
19 A.D.3d 107 (1st Dept. 2005)……………………………………………..…………12

*Stuto v. Flerishman,*
164 F.3d 820 (2d Cir. 1999)……………………………………………………………...13

*Thompson v Bd. of Educ. of City of New York,*
280 NY 92 (1939)……………………………………………………………...………11

*Turley v. ISG Lackawanna, Inc.,*
774 F.3d 140 (2d Cir. 2014)……………………………………………………………...13

*Tutaj v. Seaford Union Free School Dist.,*
179 A.D.3d 968 (2d Dept. 2020)…………………………...……………………………....10

*Valmonte v. Bane,*
18 F.3d 992 (2d Cir. 1994)………………………………………………….………..…..19

*Velez v. Levy,*
401 F.3d 75 (2d Cir. 2005)……………………………………………………...……..19

*White Plains Towing Corp. v. Patterson,*
991 F.2d 1049 (2d Cir. 1993)……………………………………………..………...…19

*Zanfardino v. City of New York,*
230 F. Supp. 3d 325 (S.D.N.Y. 2017)……………………………………………...……13

**Other Authorities**

Act. *26 U.S.C. 7623(d)(1)*……………………………………………………………………6

*Fed.R.Civ.P. 8(a)(2)*…………………………………………………………………………4

*Fed.R.Civ.P. 10(b)*…………………………………………………………………...……4

*Fed.R.Civ.P. 10(c)*………………………………………………………………………...4

*N.Y. Executive Law §296(4)*……………………………………………………………...21

*N.Y. Executive Law §296(16)*………………………………………………...………..20

*N.Y. Labor Law § 215*……………………………………………………………………..7

*N.Y. Labor Law § 740*…………………………………………………………………..…7

## PRELIMINARY STATEMENT

Defendants North Colonie Central School District and its Board of Education (collectively, the "School District"), Superintendent of Schools D. Joseph Corr ("Superintendent Corr"), and Loudonville Elementary School Principal Abbey North ("Principal North") (collectively, the "School District Defendants") submit this memorandum in support of their motion to dismiss or, in the alternative, to strike Plaintiffs' Complaint. For the reasons set forth herein, the claims that Plaintiffs have asserted against the School District Defendants must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure, and/or otherwise fails to state claims upon which relief can be granted. Alternatively, the Complaint, or portions thereof, should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On May 11, 2022, Plaintiffs filed a Summons with Notice in the Supreme Court, State of New York, County of Albany, bearing Index Number 903608-22 (Dkt. No. 2, Summons with Notice). On July 1, 2022, Defendants timely removed this matter to this Court on the basis of federal question jurisdiction (Dkt. No. 1, Notice of Removal). On July 6, 2022, a demand was made for Plaintiffs to file a complaint in this matter (Dkt. No. 4, Demand for Complaint). On July 26, 2022, Plaintiffs filed their Complaint (Dkt. No. 14, Complaint; Document 14-1, Exhibit A).

Plaintiffs John Doe, Sr. and Jane Doe bring this matter individually and on behalf of their child, John Doe (the "Minor Plaintiff"). In their Complaint, Plaintiffs allege that "this is a claim for civil rights violations; defamation; harassment; bullying; and retaliation" (Dkt. No. 14, ¶ 43). Although Plaintiffs include the School District Defendants as defendants in this action, their voluminous Complaint and the exhibit attached to their Complaint make clear that, except for

extremely limited allegations discussed in this Memorandum, they are using this action to litigate their personal grievances against Defendant North Colonie Capitals Lacrosse Club, Inc. (the "Capitals"), a New York not-for-profit corporation that is separate and distinct from the School District, and Defendants Garrett Couture, Shawn Hennessey, Joseph Pollicino, Thomas J. Karl, and Clayton Howell in their roles as members of the Board of Directors of the Capitals (Dkt. No. 14).[1] For instance, the Capitals is referenced specifically by name ninety-two (92) times in the Complaint. Defendant Hennessey is referenced specifically by name thirty-eight (38) times in the Complaint. Mr. Hennessey's connection to the School District is alleged to be that he is the School District's high school boys' varsity lacrosse coach and a special education teacher, although Plaintiffs do not allege that they ever had any contact with him in either of those roles since the Minor Plaintiff is in elementary school and does not receive special education services (Dkt. No. 14, ¶ 20). Defendant Couture is referenced specifically by name fifteen (15) times in the Complaint. Mr. Couture's connection to the School District is that he is a Dean of Students at the School District's high school, although Plaintiffs do not allege that they ever had any contact with him in that role since the Minor Plaintiff is in elementary school (Dkt. No. 14, ¶ 20). Defendant Pollicino is referenced specifically by name ten (10) times in the Complaint. Mr. Pollicino's only connection to the School District is that he is the School District's high school girls' varsity lacrosse. Plaintiffs do not allege that they ever had any contact with Mr. Pollicino in his role as the girls' varsity coach for the School District (Dkt. No. 14, ¶ 20). In contrast, Principal North is referenced only twice by name in the Complaint, once to allege that she is the principal of the

[1] Messrs. Couture, Hennessey, and Pollicino incidentally also are employees of the School District, but Messrs. Howell and Karl are not.

elementary school that the Minor Plaintiff attends (Dkt. No. 14, ¶ 36), and once to allege that Plaintiff Jane Doe brought a concern of alleged bullying to her attention (Dkt. No. 14, ¶ 8).

Because Plaintiffs have not alleged any claims upon which relief can be granted against the School District, Superintendent Corr, or Principal North in any of the causes of action in their Complaint, Plaintiffs' Complaint against them should be dismissed in its entirety. Alternatively, the Complaint, or portions thereof, should be stricken pursuant to Federal Rule of Civil Procedure 12(f) because Plaintiffs have failed to comply with the provisions of Federal Rules of Civil Procedure 8(a) and 10(b).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a plaintiff's cause of action is appropriate where the complaint fails to set forth a claim upon which the requested relief may be granted. To withstand dismissal, a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations and quotations omitted).

Although the court generally must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor when ruling on a motion to dismiss, *Famous Horse Inc. v. 5th Avenue Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010), the Court is not required to credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555); *see also id*. at 681 (citing *Twombly*, 550 U.S. at 551). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal

quotations and citations omitted). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. "[A]t a bare minimum, the operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citations and quotations omitted).

Finally, pursuant to Federal Rule of Civil Procedure 12(f), a court may on its own motion, or upon a motion of a party, strike from a pleading any redundant, immaterial, impertinent or scandalous matter.

## ARGUMENT

### POINT I

### PLAINTIFFS' COMPLAINT, OR PORTIONS THEREOF, SHOULD BE STRICKEN BECAUSE OF THEIR FAILURE TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE

Federal Rules of Civil Procedure 8 and 10 govern the acceptable form of general pleadings. Federal Rule of Civil Procedure 8(a)(2) states that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P. 8(a)(2)*. Similarly, Federal Rule of Civil Procedure 10(b) states that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Fed.R.Civ.P. 10(b)*. Likewise, Federal Rule of Civil Procedure 10(c) states that a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all instances." *Fed.R.Civ.P. 10(c)*. Plaintiffs' Complaint fails to comply with these rules. The Complaint is thirty-seven pages and contains two hundred thirty paragraphs, and additionally incorporates a twenty-three page, single-spaced, unnumbered timeline that is attached to the Complaint as an exhibit (Dkt. No. 14, Complaint; Document 14-1, Exhibit A). One of the

paragraphs of the Complaint itself spans more than two pages even though it also is single-spaced (Dkt. No. 14, ¶ 20). While the Court may cast a "lenient eye" on pleadings filed by pro se litigants that do not comply with the requirements of Federal Rules of Civil Procedure 8 and 10, there is no reason for doing so here since Plaintiffs are represented by counsel. Therefore, the Court should dismiss the Complaint in its entirety pursuant to Rule 12(f) because of Plaintiffs' failure to comply with the Court's pleading rules. Alternatively, Paragraph 20 and Exhibit A should be stricken from the Complaint pursuant to Rule 12(f) as a result of Plaintiffs' failure to comply with the Federal Rules of Civil Procedure.

## POINT II

## PLAINTIFFS' FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER THE FIRST AMENDMENT UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs' First Cause of Action attempts to allege a claim under the First Amendment against all defendants (Dkt. No. 14, ¶¶ 58-65). Although difficult to decipher from the Complaint, it appears that this claim relates to Plaintiffs' allegation that Plaintiff Doe, Sr. has been "banned from attending any school events, programs, or games held at the North Colonie School District" (Dkt. No. 14, ¶ 6). However, the Complaint itself never alleges who banned Plaintiff Doe, Sr. from attending events at the North Colonie School District. Therefore, on this basis alone, Plaintiffs' First Cause of Action must be dismissed.

If the Court were to allow Exhibit A to the Complaint to remain as part of the pleadings in this action, Exhibit A does claim that Superintendent Corr notified Plaintiff Doe, Sr. that he was not allowed to come onto School District property while his arrest on drug charges was pending. Assuming purely for the sake of argument that this allegation somehow could serve as the basis for a claim under the First Amendment against Superintendent Corr and the School District,

Exhibit A never alleges that Principal North had any role in that decision. Therefore, at a minimum, Plaintiffs' claims against Defendant North in their First Cause of Action must be dismissed.

**POINT III**

**PLAINTIFFS' SECOND CAUSE OF ACTION FAILS TO STATE VIABLE CLAIMS UNDER THE STATUTES REFERENCED THEREIN**

Plaintiffs' Second Cause of Action attempts to allege a claim against Superintendent Corr and Principal North under the New York Not-For-Profit Law, Section 1405(b) of the Taxpayer First Act, and New York Labor Law §§ 215 and 740. Although it is difficult to decipher the legal or factual basis of these claims, it appears that Plaintiffs allege that "defendants have done nothing to protect [the Minor Plaintiff] from the bullying, intimidation, harassment and other retaliation he has been subject to" as a result of Plaintiff Doe, Sr.'s alleged complaint to the Capitals about Defendant Hennessey (Dkt. No. 14, ¶¶ 85, 89).

Plaintiffs purported claims under the New York Not-for-Profit Law cannot apply to either Superintendent Corr or Principal North since neither are not-for-profit corporations. In addition, the anti-retaliation provisions of the Taxpayer First Act provide that "no employer, or any officer, employee, contractor, subcontractor, or agent of such employer, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment (including through an act in the ordinary course of such employee's duties) in reprisal for" the employee having engaged in activity protected under the Act. *26 U.S.C. 7623(d)(1)*. Plaintiffs never allege that Superintendent Corr or Principal North engaged in the type of activity that is specifically prohibited under the Act. Plaintiffs also do not, and cannot, allege that an employer/employee relationship ever existed between any of Plaintiffs and Superintendent Corr or Principal North, or that Superintendent Corr or Principal North ever took any actions

against Plaintiffs relating to such employment. Therefore, the Taxpayer First Act cannot serve as a basis for any claim by Plaintiffs against Superintendent Corr or Principal North.

Similarly, Section 215 of the New York Labor Law provides that "no employer or his or her agent, or the officer of agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee" because the employee engaged in conduct protected under Chapter 31 of the Labor Law. *N.Y. Labor Law § 215*. Similarly, Section 740 of the New York Labor Law prohibits "an adverse action taken by an employer or his or her agent to discharge, threaten, penalize, or in any other manner discriminate against any employee or former employee exercising his or her rights under this section.…" *N.Y. Labor Law § 740*. Again, in addition to the fact that Plaintiffs never allege that they engaged in the type of activities that are specifically protected by either of these statutes, they do not, and cannot, allege that an employer/employee relationship ever existed between any of Plaintiffs and Superintendent Corr or Principal North, or that Superintendent Corr or Principal North ever took any actions against Plaintiffs relating to such employment. Therefore, New York Labor Law §§ *215* and *740* cannot serve as a basis for any claims by Plaintiffs against Superintendent Corr or Principal North.

For these reasons, Plaintiffs' claims against Superintendent Corr and Principal North in the Second Cause of Action must be dismissed.

## POINT IV
## PLAINTIFFS' THIRD CAUSE OF ACTION FAILS TO STATE VIABLE CLAIMS FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

In their Third Cause of Action, Plaintiffs attempt to allege a claim of negligent infliction of emotional distress against Superintendent Corr and Principal North. A claim in New York for the negligent infliction of emotional distress "generally requires a plaintiff to show a breach of a

duty owed to him which unreasonably endangered his physical safety, or caused him to fear for his own safety." *Sacino v Warwick Val. Cent. School Dist., 138 A.D.3d 717, 719 (2d Dept 2016)*. Apart from certain extraordinary exceptions (for example, the mishandling of a corpse) which do not apply here, courts in New York rigorously adhere to the requirement of the plaintiff having been subjected to imminent actual or perceived physical danger as a direct result of the defendant's conduct. *Doe v Archbishop Stepinac High School*, 286 A.D.2d 478, 479 (2d Dept 2001) (dismissing claim arising from student-on-student assault because the school's own conduct did not actually endanger the plaintiff or cause him to fear for his safety); *See also* *Lopez v Gomez,* 305 A.D.2d 292, 293 (1st Dept 2003); *Doe v Archbishop Stepinac High School*, 286 A.D.2d 478, 479 (2d Dept 2001); *Johnson v New York City Bd. of Educ.*, 270 A.D.2d 310, 312 (2d Dept 2000); *Impastato v Hellman Enterprises, Inc.*, 147 A.D.2d 788, 790 (3d Dept 1989). The plaintiff's fear of injury also must be contemporaneous with the breach of duty. *See Johnson, 270 A.D.2d at 312*.

Here, Superintendent Corr and Principal North, as individuals, did not owe any specific duty to Plaintiffs. Therefore, Plaintiffs' claims against them as individuals in their Third Cause of Action must be dismissed. Even if Superintendent Corr and Principal North did individually owe some duty to Plaintiffs, Plaintiffs also do not allege that either Superintendent Corr and Principal North engaged in any conduct that subjected Plaintiffs to imminent actual or perceived physical danger or that caused Plaintiffs to fear for their own safety as a direct result of their conduct. Therefore, there is no basis for a negligent infliction of emotional distress claim against them.

Further, emotional injuries such as the type alleged by Plaintiffs are "compensable only when a direct, rather than a consequential, result of the breach." *Kennedy v McKesson Co.*, 58 N.Y.2d 500, 506 (1983). Here, Plaintiffs have not alleged that Superintendent Corr or Principal North directly endangered Plaintiffs' physical safety – only that they allegedly did not intervene

on Plaintiffs' behalf when the Capitals removed a sign that acknowledged Plaintiffs' family (Dkt. No. 14, ¶ 10); when the Capitals did not allow Plaintiffs to attend Capitals' events (Dkt. No. 14, ¶ 11); when members of the Capitals contacted other area lacrosse programs to encourage them not to take the Minor Plaintiff on their team (Dkt. No. 14, ¶ 15), or when the Capitals threatened to cancel a game against a team that the Minor Plaintiff was playing for if Plaintiffs Doe, Sr. or Jane Doe attended the game (Dkt. No. 14, ¶ 16). Even if Plaintiffs did perceive some physical danger to themselves or their son as a result of these alleged events, this was at most a consequential, and not a direct, result of Superintendent Corr's and Principal North's alleged failures. Therefore, Plaintiffs have failed to state a viable negligent infliction of emotional distress claim in their Third Cause of Action against Superintendent Corr and Principal North.

Finally, Section 3813(2) of the New York Education Law provides:

> no action or special proceeding founded upon tort shall be prosecuted or maintained against any [school district] or against any teacher or member of the supervisory or administrative staff or employee where the alleged tort was committed by such teacher or member or employee acting in the discharge of his duties within the scope of his employment and/or under the direction of the board of education, trustee or trustees, or governing body of the school unless a notice of claim shall have been made and served in compliance with section fifty-e of the [New York] general municipal law. Every such action shall be commenced pursuant to the provisions of section fifty-i of the general municipal law.

*N.Y. Education Law § 3813(2)*. In turn, Section 50-i(1) of the New York General Municipal Law requires a plaintiff to expressly allege in the complaint that the required notice of claim has been served on the defendants and that at least thirty days have elapsed since service of the notice and the claim has been neglected or refused. These rules apply to Plaintiffs' tort claims against Superintendent Corr and Principal North for the negligent infliction of emotional distress. Since Plaintiffs' Complaint does not comply with the provisions of these laws, their negligent infliction of emotional distress claims against Superintendent Corr and Principal North in the Third Cause

of Action must be dismissed. *See Edwards v. Jericho Union Free School Dist.*, 904 F. Supp. 2d 294, 306-307 (E.D.N.Y. 2012).

**POINT V**

**PLAINTIFFS' FOURTH CAUSE OF ACTION FAILS TO STATE CLAIMS VIABLE FOR THE BREACH OF A FIDUCIARY DUTY**

In their Fourth Cause of Action, Plaintiffs purport to allege a cause of action for the breach of fiduciary duty against Superintendent Corr and Principal North. However, neither Superintendent Corr nor Principal North are ever specifically referenced in this cause of action. Likewise, Plaintiffs fail to allege the basis for their claimed fiduciary duty to Plaintiffs or the manner in which they allegedly breached this fiduciary duty. Therefore, Plaintiffs' claims against Superintendent Corr and Principal North in their Fourth Cause of Action must be dismissed on this basis.

In addition, "the elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" *Baldeo v. Majeed*, 150 A.D.3d 942, 945 (2d Dept. 2017). "A fiduciary relationship 'exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" *EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 19 (2005).

Broadly speaking, a school's legal responsibilities are attributable to its board of education – that is, to the district as an entity rather than to its individual employees. *People v D.*, 34 N.Y.2d 483, 486 (1974) (citations omitted). Likewise, modern case law attributes a school's duty of supervision to the school, and not to their individual employees. *See., e.g., Tutaj v. Seaford Union Free School Dist.*, 179 A.D.3d 968, 969 (2d Dept. 2020). Meanwhile, vicarious liability flows in only one direction – upwards from employee to employer. Employers are liable for the torts of

their employees (if committed within the scope of employment), but the inverse is not true: employees are not liable for the wrongs of their employers. "[A]n agent who has undertaken no individual responsibility . . . cannot be held liable for nonfeasance only. There must be affirmative acts of negligence or wrongdoing." *Jones v Archibald*, 45 A.D.2d 532, 535 (4th Dept 1974); *see also Lennon v Oakhurst Gardens Corp.*, 229 A.D.2d 897, 898 (3d Dept 1996). For an employee to be personally liable for conduct that was within the scope of his employment, he must have committed an "individual tort," not merely facilitated a breach of a legal duty owed by his employer. *Harris Diamond Co. v Army Times Pub. Co.*, 280 F. Supp. 273, 276 (S.D.N.Y. 1968) (summarizing New York law)

Thus, in the context of schools, teachers and other school employees are responsible only for their own individual conduct within the scope of their respective job duties and spheres of control – not for the entirety of their school's liabilities, or for the actions of their colleagues. A principal, for example, is not at fault whenever a student suffers an injury at school, because the principal could not "personally attend to each class at the same time, nor was any such duty imposed upon him." *Thompson v Bd. of Educ. of City of New York*, 280 NY 92, 96 (1939). In contrast, a teacher can be personally liable when he was directly and actively involved in the conduct which caused the student's injury – that is, when the teacher committed an affirmative tort. *E.g.*, *Godoy v Cent. Islip Union Free School Dist.*, 117 AD3d 901, 902 (2d Dept 2014) (denying summary judgment for gym teacher who hit his student with a hockey stick).

Here, Superintendent Corr and Principal North did not individually stand in a fiduciary relationship with Plaintiffs merely as a result of their employment by the School District. Rather, the School District -- if at all -- and not Superintendent Corr and Principal North individually, was responsible for the supervision of the Minor Plaintiff while he was at school. Further, the

Complaint does not allege that Superintendent Corr or Principal North engaged in any affirmative act of negligence or wrongdoing arising out of some fiduciary relationship with Plaintiffs. Therefore, Superintendent Corr or Principal North cannot be held personally liable for the types of wrongs alleged in the Complaint, and the breach of fiduciary duty claims against them in the Fourth Cause of Action of the Complaint must be dismissed.

Finally, the breach of a fiduciary duty is a tort. *Sergeants Benev. Ass'n Annuity Fund v. Renck*, 19 A.D.3d 107, 110 (1st Dept. 2005). Therefore, as discussed above, Plaintiffs' claims in their Fourth Cause of Action are subject to the notice of claim requirements of Education Law § 3813(2) and General Municipal Law § 50-i(1). Since Plaintiffs have not complied with the provisions of these laws, their tort claims for the alleged breach of a fiduciary duty against Superintendent Corr and Principal North must be dismissed.

## POINT VI
## PLAINTIFFS' FIFTH CAUSE OF ACTION FAILS TO STATE VIABLE CLAIMS FOR THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In their Fifth Cause of Action, Plaintiffs purport to allege a cause of action against Superintendent Corr and Principal North for the intentional infliction of emotional distress. "The state law tort of intentional infliction of emotional distress has for elements: (1) extreme and outrageous conduct, (2) the intent to cause severe emotional distress; (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). With respect to the first element of a claim for intentional infliction of emotional distress, liability can be found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (1993). "Whether the conduct alleged may reasonably be

regarded as so extreme and outrageous as to permit recovery is a matter for the court to determine in the first instance." *Zanfardino v. City of New York*, 230 F. Supp. 3d 325, 337 (S.D.N.Y. 2017) (quoting *Stuto v. Flerishman*, 164 F.3d 820, 827 (2d Cir. 1999)). This Court recently recognized in *Benacquista v. Spratt*, 217 F. Supp. 3d 588 (N.D.N.Y. 2016) that the standard for asserting an intentional infliction of emotional distress claim is "rigorous, and difficult to satisfy." *Benacquista*, 217 F.Supp.3d at 606 (quoting *Howell*, 596 N.Y.S.2d at 353, 612 N.E.2d 699 (citations omitted). "Indeed, an emotional distress claim is 'highly disfavored' under New York law and 'is to be invoked only as a last resort.'" *Id*. (citing *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 158 (2d Cir. 2014)). This threshold of outrageousness is so difficult to reach that the Court of Appeals recognized in *Howell, supra*, that the Court had rejected every claim for emotional distress it had considered up to that point "because the alleged conduct was not sufficiently outrageous." *Benacquista*, 217 F.Supp.3d at 606 (citing *Howell*, 596 N.Y.S.2d at 353, 612 N.E.2d 699).

Plaintiffs cannot maintain an intentional infliction of emotional distress claim against Superintendent Corr and Principal North because they have not alleged that either Superintendent Corr or Principal North engaged in conduct that was extreme or outrageous or that they intended to cause Plaintiffs severe emotional distress. *Niles v Nelson*, 72 F. Supp. 2d 13, 23 (N.D.N.Y. 1999) (dismissing IIED claim against teacher and superintendent). Therefore, Plaintiffs' claims against Superintendent Corr and Principal North in their Fifth Cause of Action must be dismissed.

Further, Plaintiffs' tort claims against Superintendent Corr and Principal North for the alleged intentional infliction of emotional claims are subject to the provisions of Education Law § 3813(2) and General Municipal Law § 50-i(1) as discussed above. Since Plaintiffs have not complied with the provisions of these laws, their intentional infliction of emotional distress claims against Superintendent Corr and Principal North must be dismissed.

## POINT VII

## PLAINTIFFS' SIXTH CAUSE OF ACTION FAILS TO STATE VIABLE CLAIMS FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

In their Sixth Cause of Action, Plaintiffs attempt to allege another claim of negligent infliction of emotional distress against Superintendent Corr and Principal North. This claim is duplicative of their claim of negligent infliction of emotional distress in their Third Cause of Action. For all of the reasons set forth above, the claims against Superintendent Corr and Principal North in Plaintiffs' Sixth Cause of Action must be dismissed.

## POINT VIII

## PLAINTIFFS' SEVENTH CAUSE OF ACTION FAILS TO STATE VIABLE CLAIMS FOR RETALIATION UNDER THE FIRST AMENDMENT

In their Seventh Cause of Action, Plaintiffs attempt to allege a claim that the School District, Superintendent Corr, and Principal North retaliated against them for their exercise of rights under the First Amendment. "To state a First Amendment retaliation claim, a plaintiff must establish that: (1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between the adverse action and the protected speech." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011). Further, to support a First Amendment retaliation claim the adverse action must be more than *de minimis*. *See Davidson v. Chestnut*, 193 F.3d 144, 150 (2d Cir. 1999). Here, Plaintiffs claim that the protected speech they engaged in was Plaintiff Doe, Sr.'s alleged complaint to unspecified defendants about supposedly being banned from the School District's premises (Dkt. No. 14, ¶153). Without any specificity, Plaintiffs allege that unspecified defendants took retaliatory action after Plaintiff Doe, Sr. for supposedly making this complaint (Dkt. No. 14, ¶ 154). Plaintiffs also allege that "the retaliation, intimidation and harassment continued and in fact

increased each and every time plaintiffs complained about being singled out" (Dkt. No. 14, ¶ 154). However, Plaintiffs never allege that either the School District, Superintendent Corr, or Principal North ever engaged in any actions against Plaintiffs as a result of making this alleged complaint, let alone actions that constituted an adverse action. At most, Plaintiffs allege that they complained to Superintendent Corr and Principal North, but did not receive the relief they requested. Therefore, in the absence of any adverse action taken by the School District, Superintendent Corr, or Principal North in response to Plaintiffs' supposed complaints, Plaintiffs' First Amendment retaliation claim in their Seventh Cause of Action must be dismissed.

**POINT IX**

**PLAINTIFFS' EIGHTH CAUSE OF ACTION FAILS TO STATE A VIABLE EQUAL PROTECTION "CLASS OF ONE" CLAIM**

In their Eighth Cause of Action, Plaintiffs attempt to allege an equal protection "class of one" claim against the School District, Superintendent Corr, and Principal North. In the Second Circuit, a plausible "class of one" claim requires plaintiffs to show that they have been "intentionally treated differently from others similarly-situated and that there is no rational basis for the difference in treatment." *Reynolds v. Quiros*, 990 F.3d 286, 300 (2d Cir. 2021). Further, "[i]n order to succeed on a 'class of one' claim, the level of similarity between the plaintiffs and the persons with whom they compare themselves must be extremely high." *Hu. v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) *citing* *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005). "More precisely, a plaintiff must establish that he and a comparator are "*prima facie* identical" by showing that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Id*. The

Second Circuit explained that "the existence of highly similar circumstances provides the basis for "infer[ring] that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose -- whether personal or otherwise -- is all but certain." *Id.*

Here, Plaintiffs have not alleged the existence of any individuals who are similarly situated to them, let alone ones that are *prima facie* identical to Plaintiffs. Likewise, Plaintiffs do not allege that they have been treated differently by the School District, Superintendent Corr, or Principal North than such other similarly situated individuals. Therefore, on this basis alone, Plaintiffs' equal protection claims against the School District, Superintendent Corr, and Principal North must be dismissed in their entirety.

Further, in *Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 594 (2008)*, the Supreme Court barred public employees from bringing equal protection "class of one" claims against their government employers. The Court reasoned that some types of state action are so inherently discretionary that they are not suitable for this type of cause of action. The *Engquist* Court explained, in such situations, "allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise." *Id.* The Court found that "[t]his principle applies most clearly in the employment context, for employment decisions are quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify." *Id.* at 604. Based on *Engquist*, the Second Circuit has suggested that "there may be some circumstances where *Engquist* is properly applied outside of the employment context." *Analytical Diagnostic Labs, 626 F.3d 135, 142 (2d Cir. 2010).* The Second Circuit noted that *Engquist's* limitation on "class of one" claims is more likely to apply when the state acts as a proprietor rather than as a regulator, reasoning that "[t]he

government has significantly greater leeway in its dealings with citizen employees than it does when it brings its sovereign power to bear on citizens at large." *Id.* at 142 (internal quotation marks omitted). This case, where the only claimed action by the School District, Superintendent Corr, or Principal North is that Superintendent Corr allegedly barred Plaintiff Doe, Sr. from coming onto School District property following his arrest, involves precisely the type of discretionary activity relating to the management of the School District's property -- rather than the government's role as a regulator -- that is not suitable for this type of cause of action.

Finally, as part of their equal protection claim, Plaintiffs allege that "Defendants behaved in a manner that was so outrageous as to exceed all reasonable bounds of decency," and that "defendants actions were willful, wanton, malicious, reckless, and outrageous in their disregard for the rights and safety of the plaintiffs, which amounted in conduct equivalent to criminality" (Dkt. No. 14, ¶¶ 172, 174). For the reasons stated above with respect to the dismissal of Plaintiffs' intentional infliction of emotional distress claims, the Complaint fails to allege conduct that even remotely approaches these standards.

## POINT X
## PLAINTIFFS' NINTH CAUSE OF ACTION FAILS TO STATE A VIABLE DUE PROCESS CLAIM

Plaintiffs' Ninth Cause of Action attempts to allege a procedural due process claim under the Fourteenth Amendment. The basis of Plaintiffs' claim is their allegation that "[g]enerally, a school cannot ban a student or parent from attending school events without providing a mechanism for the plaintiffs to challenge and be heard on the violation of their rights" (Dkt. No. 14, ¶ 183). Here, Plaintiffs do not allege that Superintendent Corr or Principal North ever banned Plaintiff Jane Doe or the Minor Plaintiff from attending any school events. Therefore, Plaintiff Jane Doe's and the Minor Plaintiffs' due process claims must be dismissed. Plaintiffs also never allege that

Principal North ever banned Plaintiff Doe, Sr. from attending any school events. Therefore, all of Plaintiffs' due process claims against Principal North must be dismissed.

The timeline attached to Plaintiffs' Complaint also is disingenuous with respect to this issue. Specifically, in the entry for 10/21/2020, Plaintiffs quote only a portion of a letter that Plaintiff Doe, Sr. received from Superintendent Corr regarding restrictions on his entry onto School District property. Plaintiffs fail to include the concluding paragraph of the letter, which states, "You may appeal my decision to the Board of Education, c/o of Mrs. Linda Harrison, 91 Fiddlers Lane, Latham, NY 12110" (Affidavit of D. Joseph Corr, Ex. "A").[2] Therefore, contrary to the express allegation in the Complaint, Plaintiff Doe, Sr. was provided with due process to challenge Superintendent Corr's alleged violation of his right to come onto School District property. As a result, Plaintiffs' Fourteenth Amendment due process claim must be dismissed.

**POINT XI**

**PLAINTIFFS' TENTH CAUSE OF ACTION FAILS TO STATE A VIABLE DUE PROCESS LIBERTY INTEREST CLAIM**

Plaintiffs' Tenth Cause of Action attempts to allege a Fourteenth Amendment "stigma plus" claim against the School District, Superintendent Corr, and Principal North. "To state a stigma-plus claim, a plaintiff must prove (1) the utterance of a statement injurious to his reputation that is capable of being proved false and that plaintiff claims is false; and (2) some tangible and material state-imposed burden in addition to the stigmatizing statement." *Patterson v. City of*

---

[2] Generally, materials outside of the complaint are not allowed to be considered when deciding a motion to dismiss under Rule 12(b)(6) unless the court modifies the motion into a motion for summary judgment under Rule 56. *See Cortec Industries Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). However, a defendant is allowed to include extraneous documents outside of the four corners of the complaint in a motion to dismiss when the plaintiff has notice of those documents. *Id.* at 48.

*Utica*, 370 F.3d 322, 330 (2d Cir. 2004). Therefore, for a "stigma plus" claim to be successful, there must be "a claim brought for injury to one's reputation (the stigma) *coupled* with the deprivation of some 'tangible interest' or property right." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (emphasis added). A prospective plaintiff must show this deprivation as "a specific and adverse action clearly restricting the plaintiff's liberty, for example, the loss of employment…" *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005).

Damage to one's reputation alone, "even when inflicted by a state official, does not deprive an individual of a liberty or property interest protected by due process." *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049, 1062 (2d Cir. 1993) (citing *Paul v. Davis*, 424 U.S. 693, 712 (1976)). Likewise, the negative impacts that stem from a damaged reputation, including the "impact that defamation might have on job prospects, or, for that matter, romantic aspirations, friendships, self-esteem, or any other typical consequence of a bad reputation," are insufficient to establish the "plus" element of a "stigma plus" claim. *Boss v. Kelly*, 306 Fed. Appx. 649, 651 (2d Cir. 2009) (quoting *Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994)). Rather, proof of the "deprivation of a property interest" is necessary to satisfy "the 'plus' prong of stigma plus." *Greenwood v. New York*, 344 F.3d 292, 302 (2d Cir. 2003). Here, Plaintiffs do not allege that they have been deprived of any property interest by the School District, Superintendent Corr, or Principal North. Therefore, their claims in the Tenth Cause of Action must be dismissed in their entirety.

In addition, Plaintiffs never specify "the utterance of a statement injurious to [their] reputation that is capable of being proved false" as required by the first prong of the "stigma plus" test. Presumably, Plaintiffs rely on the statement in Superintendent Corr's letter to Plaintiff Doe, Sr., which references the fact that Plaintiff Doe, Sr. was arrested on drug charges. This statement cannot serve as the basis for Plaintiffs' "stigma plus" claim because it is not false. Although

Plaintiff Doe, Sr. claims he is innocent of the federal drug charges that have been brought against him, he acknowledges that he was arrested on these charges.[3] Therefore, Plaintiffs' claims in the Tenth Cause of Action also must be dismissed on this basis.

Finally, the Complaint does not allege that Defendant North ever made any statements about any Plaintiffs that could support a "stigma plus" claim. Therefore, the claims against Defendant North in this cause of action must be dismissed. Similarly, neither Plaintiff Jane Doe nor the Minor Plaintiff allege that Defendants made any statements about them that could support a "stigma plus" claim. Therefore, their claims in the Tenth Cause of Action also must be dismissed.

**POINT XII**

**PLAINTIFFS' ELEVENTH CAUSE OF ACTION FAILS TO STATE A VIABLE CLAIM UNDER THE HUMAN RIGHTS LAW**

Plaintiffs' Eleventh Cause of Action purports to allege claims against Superintendent Corr and Principal North for an alleged violation of the New York State Human Rights Law. It appears that Plaintiffs claim that they were discriminated against by Superintendent Corr and Principal North based on Plaintiff Doe, Sr.'s arrest. Section § 296(16) of the Human Rights Law provides certain protections for individuals with a record of an arrest or criminal accusation, which "is not then pending," in connection with "licensing, housing, employment, including volunteer positions, or providing of credit or insurance." *N.Y. Executive Law §296(16)*. This statute does not apply to Superintendent Corr or Principal North because Plaintiffs do not allege that they acted adversely toward any Plaintiff in connection with these types of matters. Further, since Plaintiff Doe, Sr.'s arrest still is pending, this statute does not provide him with any protection with respect to that

[3] The Court also can take judicial notice of the Criminal Complaint that was filed by the United States of America against Plaintiff John Doe, Sr. in the United States District Court for the District of New Jersey (Affidavit of Patrick J. Fitzgerald, Esq., Ex. "A").

arrest. Therefore, Plaintiffs' claims against Superintendent Corr and Principal North must be dismissed.

Plaintiffs also appear to allege that the Minor Plaintiff has been harassed or bullied by Superintendent Corr or Principal North in violation of New York's Human Rights Law. Executive Law § 296(4) is the only section of the Human Rights Law that applies to claims by students of discrimination or harassment. It states, "It shall be an unlawful discriminatory practice for an educational institution to deny the use of its facilities to any person otherwise qualified, or to permit the harassment of any student or applicant, by reason of his race, color, religion, disability, national origin, sexual orientation, gender identity or expression, military status, sex, age, marital status, or status as a victim of domestic violence…." *N.Y. Executive Law §296(4)*. Putting aside the fact that a claim under this law would have to be made against an educational institution and not its employees, Plaintiffs never allege that any claimed bullying or harassment of the Minor Plaintiff was based on his race, color, religion, disability, national origin, sexual orientation, gender identity or expression, military status, sex, age, marital status, or status as a victim of domestic violence. Therefore, Plaintiffs have failed to allege a viable cause of action under the Human Rights Law, and their claims in the Eleventh Cause of Action must be dismissed.

## POINT XIII
## PLAINTIFFS' TWELFTH CAUSE OF ACTION FAILS TO STATE A VIABLE CLAIM AGAINST THE SCHOOL DISTRICT DEFENDANTS

Unlike their other causes, in the caption of their Twelfth Cause of Action Plaintiffs do not identify which of the defendants this cause of action for unjust enrichment and conversion purportedly applies to. Based on the allegations, however, it appears that is directed solely to Mr.

Hennessey. Since the Complaint does not set forth any allegations that state a claim for conversion of unjust enrichment against the School District Defendants, any claims against them in the Twelfth Cause of Action must be dismissed.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' claims in their Complaint against the School District Defendants must be dismissed in their entirety or, alternatively, limited accordingly.

Dated: October 17, 2022
Albany, New York

Respectfully submitted,

GIRVIN & FERLAZZO, P.C.

Patrick J. Fitzgerald, Esq. (511103)
Scott P. Quesnel, Esq. (513710)
*Attorneys for Defendants Board of Education of North Colonie Central School District, North Colonie Central School District, D. Joseph Corr, and Abbey North*
20 Corporate Woods Blvd.
Albany, New York 12211
Telephone: (518) 462-0300
Email: pjf@girvinlaw.com
Email: spq@girvinlaw.com