UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JANE DOE and JOHN DOE SR.,
individually and as parents and natural
guardians of John Doe, an infant,

                *Plaintiffs*,

v.                                No. 1:22-cv-700

BOARD OF EDUCATION OF NORTH
COLONIE CENTRAL SCHOOL DISTRICT,
NORTH COLONIE CENTRAL SCHOOL
DISTRICT, SHAKER CAPITALS LACROSSE
CLUB, INC., SUPERINTENDENT D. JOSEPH
CORR, in his individual and official capacity,
GARRETT COUTURE, in his individual and
official capacity, SHAWN HENNESSEY, in his
individual and official capacity, JOSEPH
POLLICINO, in his individual and official capacity,
CLAYTON HOWELL, in his individual and
official capacity, ABBEY NORTH, in her
individual and official capacity, and THOMAS
JOHN KARL, in his individual and official capacity,

                *Defendants*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

FINN LAW OFFICES                RYAN M. FINN, ESQ.
*Attorneys for Plaintiffs*
P.O. Box 966
Albany, NY 12201

GIRVIN & FERLAZZO, P.C.         PATRICK J. FITZGERALD, ESQ.
*Attorneys for School District Defendants*  SCOTT P. QUESNEL, ESQ.
20 Corporate Woods Boulevard
Albany, NY 12211-2350

| | |
|---|---|
| THE REHFUSS LAW FIRM, P.C. | STEPHEN J. REHFUSS, ESQ. |
| *Attorneys for Shaker Capitals* | ABIGAIL W. REHFUSS, ESQ. |
|    *Defendants* | |
| 40 British American Blvd. | |
| Latham, NY 12110 | |
| | |
| HON. LETITIA JAMES | GREGORY J. RODRIGUEZ, ESQ. |
| Attorney General for the | Ass't Attorney General |
|    State of New York | |
| Attorneys for Defendants | |
| The Capitol | |
| Albany, New York 12224 | |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

Plaintiffs bring this action against the above-captioned defendants asserting claims under 42 U.S.C. § 1983 and various state law theories. This action relates to plaintiffs' alleged ban from participating in certain lacrosse-related activities in the North Colonie, New York community.[1]

Defendants have moved to dismiss the Complaint, Dkt. 14, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and the motions have been fully briefed.

In response to defendants' motions to dismiss, plaintiffs have agreed to withdraw their second, third, fourth, sixth, eighth, tenth, eleventh, and

---

[1] Although plaintiffs caption their pleading, which they filed in response to defendants' demands (Dkts. 4, 5, 6), as the "Complaint," it differs substantially from the initial state court complaint they filed in this action. Among other changes, the Complaint at Dkt. 14 adds approximately 200 additional paragraphs of allegations. Thus, the Court considers Dkt. 14 plaintiffs' first amendment of its pleading.

twelfth causes of action. *See* Dkt. 32. The following claims remain: (i) First Amendment claims against all defendants (Counts I and VII); (ii) Fourteenth Amendment due process claims against all defendants (Count IX); and (iii) a state law claim for intentional infliction of emotional distress against all defendants except the School District and the Board.

However, before the Court can address any substantive claims, plaintiffs must cure certain pleading deficiencies. Rules 8 and 10 govern the acceptable form of pleadings. As Rule 8(a)(2) explains, "a pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Similarly, Rule 10(b) requires "a party … state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

In its present state, the Complaint fails to comply with these rules. In addition to a 37-page, 230-paragraph Complaint, plaintiffs incorporate a 23-page, single-spaced, unsigned, unnumbered timeline as an exhibit to the pleading. *See* Compl., Ex. A ("Timeline"). It is unclear who (be it plaintiffs' counsel, plaintiffs themselves, or someone else) even prepared the Timeline.

For their part, plaintiffs refer to the Timeline as "a detailed chronology broken down by date and providing considerable factual detail." Dkt. 33 at 13. But plaintiffs fail to articulate why the events in the Timeline, which the

3

Complaint discusses more generally, were not simply incorporated with specificity in the latter document.

In sum, plaintiffs' approach is confusing, disorganized, and unacceptable. The Complaint will be dismissed with leave to amend the pleading a second time. An amendment, if any, shall incorporate the relevant information from the Timeline into the complaint itself and remain "short and plain." Moreover, any amendment shall remove the numerous claims that plaintiffs have unilaterally offered to withdraw. *See* Dkt. 32 (withdrawing second, third, fourth, sixth, eighth, tenth, eleventh, and twelfth causes of action).

Therefore, it is

ORDERED that

1. Plaintiffs' Complaint (Dkt. 14) is DISMISSED WITHOUT PREJUDICE;

2. Defendants' pending motions to dismiss (Dkts. 26, 28, and 29) are DENIED AS MOOT;

3. Any second amended complaint may be filed on or before April 27, 2023;

4. Failure to file a second amended complaint on or before April 27, 2023 will result in Dkt. 14 being dismissed WITH PREJUDICE.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: April 6, 2023
Utica, New York